UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**PATRICK ALZUGARAY JR.**,
and all others similarly situated
under 29 U.S.C. 216(b),

    Plaintiff,

v.

**BELL'S APPLIANCES OF CORAL GABLES INC.**,
a Florida corporation,
**WILLIAM CABAN**,
individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Patrick Alzugaray Jr. ("Alzugaray Jr."), under the Fair Labor Standards Act (FLSA), files this Complaint against Defendants, Bell's Appliances of Coral Gables Inc. ("Bell's") and William Caban ("Caban"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. Bell's is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. Caban is *sui juris*, and a resident of Miami-Dade County, Florida.

4. Alzugaray Jr. is *sui juris*, and a resident of Miami-Dade County, Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Bell's was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Bell's was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Bell's operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Bell's, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Bell's is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

12. Upon information and belief, William Caban is the president/CEO of Bell's and has economic and day-to-day control of Bell's, and of the nature and structure of Plaintiff's employment relationship with Bell's and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Plaintiff was employed by Defendants from 2016 to approximately June 8, 2019.

14. During Plaintiff's employment, he worked as a non-exempt Installer earning an average of $1,000 per week.

15. Throughout his employment with Defendants, Plaintiff worked an average of sixty (60) hours per week.

16. Plaintiff worked twenty (20) hours of overtime per week. Notwithstanding, Defendants failed/refused to pay to Plaintiff his overtime wages as required by the FLSA.

17. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

18. On or about June 8, 2019, Defendants improperly and unlawfully retaliated against Plaintiff by terminating his employment, after he made valid claims for overtime wages.

19. As a result, Plaintiff has suffered damages and is entitled to receive overtime wage compensation.

20. Plaintiff has complied with all conditions precedent to filing this action.

### PRE-SUIT DEMAND

21. On June 18, 2019, Plaintiff through undersigned counsel, sent to Defendants a pre-suit demand regarding the unpaid wages and retaliation.

### COUNT I
### OVERTIME (FLSA)
### AGAINST BELL'S

22. Plaintiff re-alleges the allegations in paragraphs one (1) through fifteen (15) above.

23. This is an action against Bell's for overtime compensation pursuant to 29 U.S.C. § 216(b).

24. Plaintiff routinely worked in excess of forty (40) hours per week for Bell's.

25. Specifically, Plaintiff worked twenty (20) hours of overtime per week.

26. Plaintiff was a non-exempt employee, entitled to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

27. Bell's knew or should have known that Plaintiff suffered or was permitted to work overtime for Bell's as defined in 29 U.S.C. § 203(g).

28. Bell's failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

29. At all material times, Bell's knew or should have known that such refusal and/or failure is prohibited by the FLSA.

30. Notwithstanding, Bell's intentionally and willfully violated the FLSA, as cited herein.

31. At all material times, Bell's failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

32. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## OVERTIME (FLSA)
## AGAINST CABAN

33. Plaintiff re-alleges the allegations in paragraphs one (1) through fifteen (15) above.

34. This is an action against Caban for overtime compensation pursuant to 29 U.S.C. § 216(b).

35. Plaintiff routinely worked in excess of forty (40) hours per week for Caban.

36. Specifically, Plaintiff worked twenty (20) hours of overtime per week.

37. Plaintiff was a non-exempt employee, entitled to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

38. Caban knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

39. Caban failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

40. At all material times, Caban knew or should have known that such refusal and/or failure is prohibited by the FLSA.

41. Notwithstanding, Caban intentionally and willfully violated the FLSA, as cited herein.

42. At all material times, Caban failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

43. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
### RETALIATION (FLSA)
### AGAINST BELL'S

44. Plaintiff re-alleges the allegations in paragraphs one (1) through fifteen (15) above.

45. This is an action against Defendant Bell's for retaliation based on Plaintiff's lawful opposition to Bell's unlawful employment practices, specifically retaliation in response to Plaintiff's valid claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

46. Bell's unlawfully failed/refused to compensate Plaintiff for his overtime hours worked, in violation of 29 U.S.C. § 207(a).

47. As a result, Plaintiff demanded payment for his unpaid overtime wages.

48. Subsequently, on or about June 8, 2019, Defendant unlawfully terminated Plaintiff's employment in retaliation for his claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

49. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## RETALIATION (FLSA)
## AGAINST CABAN

50. Plaintiff re-alleges the allegations in paragraphs one (1) through fifteen (15) above.

51. This is an action against Defendant Caban for retaliation based on Plaintiff's lawful opposition to Caban's unlawful employment practices, specifically retaliation in response to Plaintiff's valid claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

52. Caban unlawfully failed/refused to compensate Plaintiff for his overtime hours worked, in violation of 29 U.S.C. § 207(a).

53. As a result, Plaintiff demanded payment for his unpaid overtime wages.

54. Subsequently, on or about June 8, 2019, Defendant unlawfully terminated Plaintiff's employment in retaliation for his claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

55. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### DEMAND FOR JURY TRIAL

56. Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Patrick Alzugaray Jr., respectfully requests that judgment be entered in his favor against Defendants, Bell's Appliances of Coral Gables, Inc. and William Caban. Plaintiff is entitled to legal and equitable relief including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, and additional amounts such as liquidated damages, interest, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of August 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172